IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>NELLY IDOWU,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE RE: ROMANCE SCHEMES<br><br>Case No. 2:20-CR-284 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Motion in Limine to Exclude Evidence under 401, 403, and 404(b). For the reasons discussed below, the Court will deny the Motion.

## I.　BACKGROUND

　　　　Defendant has been indicted for her alleged efforts to launder money that was obtained through the fraud of other individuals. According to the government, these individuals perpetrated a scheme wherein they targeted elderly women who were recently divorced or widowed, represented themselves to be someone other than themselves, and faked romantic interest in the victims to perpetrate a false narrative and solicit money from them. The government alleges these individuals would then direct the victims to send money to an account operated by Defendant or her co-defendants. Defendant or her co-defendants would then, allegedly, launder the funds by transferring them out of the account and into various other accounts. The government does not claim that Defendant participated in the underlying "romance scheme" by which the money was obtained. Defendant's charges are limited to alleged money laundering activities.

1

## II.   ANALYSIS

Defendant argues that the Court should prohibit the government from introducing evidence regarding the underlying romance scheme by which the money was obtained because (1) that evidence is irrelevant under Fed. R. Evid. 401 and (2) even if the evidence has some relevance, the evidence is excludable under Fed. R. Evid. 403 as prejudicial.[1]

Rule 401 provides that relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence . . . and . . . the fact is of consequence in determining the action." Defendant is charged with both Conspiracy to Launder Money in violation of 18 U.S.C. § 1956(h) and Money Laundering in violation of 18 U.S.C. § 1957. Each of these charges require the government to prove, among other things, that the money alleged to have been laundered was derived from "specified unlawful activity" and that the defendant knew that the money derived from unlawful activity.[2] Therefore, evidence establishing the nature of the underlying scheme is not only relevant to the charges, but is necessary for the government to succeed in its case in chief.[3] Evidence of the romance schemes is therefore relevant and admissible under Rules 401 and 402.

Rule 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury,

---

[1] Defendant's Motion also cites to Fed. R. Evid. 404(b) but she makes no argument that the romance scheme evidence is improper 404(b) evidence. Therefore, the Court has not discussed Rule 404(b).

[2] 18 U.S.C. § 1956(a)(1); 18 U.S.C. § 1957(a).

[3] *See United States v. Lovett*, 964 F.2d 1029, 1041–42 (10th Cir. 1992) ("We agree . . . that the elements of the particular 'specified unlawful activity' . . . are essential elements that the prosecution must prove in order to establish a violation of § 1957.").

undue delay, wasting time, or needlessly presenting cumulative evidence." Defendant states that she will stipulate that "the funds in question were funds in some form from unlawful activity."[4] Defendant asserts that "[s]uch a stipulation would suffice to meet the [g]overnment's burden of proof in the indictment to establish the elements of the charge"[5] and, by contrast, allowing the government to present evidence of the romance scheme would subject her to significant prejudice and confuse the issues, substantially outweighing any probative value of such evidence. The Court agrees that evidence of the romance scheme may cause some prejudice against Defendant and runs a risk of confusing the issues. However, as argued by the government, even assuming that Defendant's proposed stipulation would be sufficient to meet the government's burden, the Supreme Court has made clear that the Court usually may not allow a criminal defendant to "stipulate or admit [their] way out of the full evidentiary force of the case as the Government chooses to present it."[6]

In *Old Chief v. United States*, the Supreme Court weighed the prejudicial effect of a defendant's felony status against its probative value under Rule 403, and carved out a narrow exception to "the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away."[7] While creating a narrow exception, which is not applicable in the case before this Court, the Supreme Court stressed at length the importance of allowing the government to present its case and surrounding narrative as it wishes.

> [T]he prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors

---

[4] Docket No. 155, at 2.

[5] *Id.*

[6] *Old Chief v. United States*, 519 U.S. 172, 186–87 (1997).

[7] *Id.* at 189.

that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault. . . . If suddenly the prosecution presents some occurrence in the series differently, as by announcing a stipulation or admission, the effect may be like saying, "never mind what's behind the door," and jurors may well wonder what they are being kept from knowing. A party seemingly responsible for cloaking something has reason for apprehension, and the prosecution with its burden of proof may prudently demur at a defense request to interrupt the flow of evidence telling the story in the usual way.[8]

In light of the above, the Court finds that the probative value of allowing evidence of the underlying romance scheme is not substantially outweighed by its prejudicial effect. Unlike a defendant's prior felony conviction for a wholly unrelated crime, the underlying romance scheme in the case before this Court is so closely tied to Defendant's alleged money laundering activities that to prohibit the government from mentioning the scheme would, at a minimum, appear odd to the factfinder, who would be presented with an incomplete narrative, and unfairly stunt the government's ability to present its full case against Defendant.

Further, even if the underlying scheme's unlawfulness is stipulated to, evidence supporting Defendant's knowledge of the scheme could certainly require mention of various components of the scheme. For example, the government has indicated it will present evidence that many of the money transfers Defendant received were from women around the United States with whom she had no legitimate dealings.[9] Without being able to present details of the underlying scheme, this evidence may not create a reasonable inference of Defendant's knowledge. Requiring the government to talk in vague terms around components of the scheme would not only prevent the full force of the government's case but would risk prohibiting the government from presenting evidence necessary to prove all elements of the case in a manner

---

[8] *Id.* at 188, 189.

[9] Docket No. 165, at 5–6.

understandable to the factfinder. Therefore, the Court will allow the government to present relevant evidence of the underlying romance scheme. Further, any prejudicial effect of the romance-scheme evidence may be alleviated by instructing the jury of the proper application of such evidence.

While the Court finds that evidence of the existence of the underlying romance scheme is relevant and admissible, the Court cautions the government against introducing irrelevant details of the underlying scheme or its effect on the victims of the underlying scheme. The Court will not allow the government to present in-depth details of the underlying romance scheme well beyond what is necessary to establish the elements of the crimes charged where such details may cause undue prejudice against Defendant that substantially outweighs any probative value.

### III.   CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine (Docket No. 155) is DENIED.

DATED this 8th day of June, 2023.

BY THE COURT:

Ted Stewart
United States District Judge