IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>NELLY IDOWU,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DIRECTING TIMELY FILINGS AND COMPLIANCE WITH COURT ORDERS<br><br><br>Case No. 2:20-CR-284 TS<br><br>District Judge Ted Stewart |

The Court issues this Order in response to self-represented Defendant Nelly Idowu's failure to comply with the Court's orders, as described in more detail below.

I.      BACKGROUND

Ms. Idowu was indicted on August 26, 2020. She initially appeared before the Court and was appointed counsel on November 10, 2020. Ms. Idowu was detained pending trial on November 29, 2022, following a motion from the government to revoke her pretrial release status based on allegations that she committed a crime while on release. At that time, Ms. Idowu's trial was expected to begin on February 27, 2023. On December 27, 2022, Ms. Idowu's counsel at the time, Nathan Crane, filed a motion to appoint counsel as second chair to assist in Ms. Idowu's defense. The Court granted the motion. Mr. Crane filed numerous pretrial motions on Ms. Idowu's behalf on January 9, 2023. On January 10, 2023, Ms. Idowu requested appointment of new counsel. Magistrate Judge Pead appointed Julie George as new counsel on January 24, 2023. A continuance of the trial date was necessary to allow Ms. George time to

1

prepare for trial. On February 3, 2023, Ms. George informed the Court that Ms. Idowu refused to speak to or meet with Ms. George. Ms. George, therefore, would not stipulate to a continuation, having been unable to discuss such with Ms. Idowu. On February 15, 2023, Ms. Idowu and Ms. George appeared before Magistrate Judge Pead due to Ms. Idowu's refusal to speak with Ms. George. Magistrate Judge Pead advised Ms. Idowu of her right to represent herself and of possible complications with doing so. Ms. Idowu requested copies of all discovery and more time to decide if she would like to represent herself. She did not take a position on the continuance and a continuance was granted.

On March 8, 2023, Ms. George filed a Motion for Review of Detention on behalf of Ms. Idowu, suggesting Ms. Idowu had accepted Ms. George as her attorney. Ms. George also filed a Motion for Review of Detention by the District Judge on March 28, 2023. The Court issued an order on April 12, 2023, after conducting a hearing on the matter, ordering Ms. Idowu remain detained pending trial. The Court then set trial to begin on June 26, 2023. Ms. George subsequently filed several pretrial motions on Ms. Idowu's behalf.

The Court held a final pretrial conference on June 12, 2023. That morning, the Court was informed that the government was prepared to proceed with trial as scheduled, however Ms. Idowu determined she would like to represent herself. The Court used the time set for the final pretrial conference to conduct a *Faretta* inquiry. Ms. Idowu clearly represented that she wished to represent herself and that she understood she must comply with all relevant rules of procedure and evidence. The Court granted Ms. Idowu's request and appointed Ms. George as standby counsel. The Court then asked Ms. Idowu when she believed she would be prepared to go to trial. Ms. Idowu told the Court she would not be prepared by June 26, 2023, as scheduled, but could not yet provide a date by which she would be prepared. The Court scheduled a status

conference to be held on June 26, 2023, to allow Ms. Idowu time to determine the date by which she expected she would be prepared to go to trial. On June 14, 2023, the Court issued an order instructing Ms. Idowu that the Court expected a timely response to the government's pending motions in limine.

On June 26, 2023, the date of the status conference and the date Ms. Idowu's responses to the government's motions in limine were due, Ms. Idowu informed the Court she would need certain clarifications from the Court before she could inform the Court when she would be prepared for trial and whether she wished to proceed by jury or bench trial. Ms. Idowu proceeded to ask a series of questions indicative of the sovereign citizen movement and were irrelevant to the issues in this case.  Ms Idowu also told the Court she had been unable to respond the government's motions because she did not have access to the resources she had requested. Ms. George informed the Court that the jail facility had told Ms. George that Ms. Idowu would have full access to the facility's library,[1] that Ms. Idowu had copies of the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, and that Ms. George would be happy to print and hand deliver to Ms. Idowu any research resources she requested. The Court instructed Ms. Idowu to file her responses to the government's motions and to file her requests for clarifications in writing to the Court by July 5, 2023. The Court further instructed Ms. Idowu to inform the Court whether she would like to proceed by jury or bench trial on for before July 12, 2023. Ms. Idowu did not indicate she would not be able to meet these deadlines.

---

[1] The Court notes that Ms. Idowu had previously filed pro se motions with the Court while incarcerated, indicating she was at some point able to use the facilities to conduct research and draft filings. See Docket Numbers 107 and 108, both of which were filed after Ms. Idowu was detained.

As of the date of this order, the Court has not received any filings or responses from Ms. Idowu. Ms. George informed the Court via email that she drove to the jail facility where Ms. Idowu is incarcerated on July 5, 2023, to collect the filings due from Ms. Idowu, but was told by jail staff that Ms. Idowu informed them she had nothing for Ms. George at that time. Ms. George informed the Court via phone call on July 10, 2023, that she had not yet received any communications from Ms. Idowu asking Ms. George to request more time to complete the Court-ordered filings or to inform Ms. George that she has documents ready to file. Ms. George indicated that Ms. Idowu had contacted her office numerous times in the past. Therefore, the Court has no reason to believe that Ms. Idowu is unable to reach Ms. George to request the assistance she has been told is available.

## II.     DISCUSSION

The Court now informs Ms. Idowu that continued failures to comply with the Court's orders will not be tolerated. "A criminal defendant has a constitutional and a statutory right to waive [their] right to counsel and represent [themselves] at trial. The right of self-representation, however, is not absolute."[2] "[T]he government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer."[3] Therefore, "[i]n certain instances, a court may terminate the right to self-representation, or the defendant may waive it, even after he has unequivocally asserted it."[4] "[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist

---

[2] *United States v. Akers*, 215 F.3d 1089, 1096–97 (10th Cir. 2000) (citations omitted).

[3] *Martinez v. Court of Appeal of Cal.,* 528 U.S. 152, 162 (2000).

[4] *United States v. Barbuto*, 60 F. App'x 754, 758 (10th Cir. 2003) (internal quotation marks and citations omitted).

misconduct."[5] While "[a] court should, of course, vigilantly protect a defendant's constitutional rights . . . it was never intended that any of these rights be used as a ploy to frustrate the orderly procedures of a court in the administration of justice."[6] Therefore, the Court "may properly impose restraints on the right to reject counsel to prevent the right from being manipulated so as to obstruct the orderly procedure of the courts."[7]

Ms. Idowu's past conduct in refusing to speak with her attorney and her indecisiveness regarding representation, while not yet evincing a clear dilatory motive, has caused significant delay in resolving this case. Further, since being appointed to represent herself, her ongoing failures to comply with the Court's orders have prevented the Court from timely moving this case forward, as is in the interests and efficacy of justice. Ms. Idowu is therefore cautioned that ongoing failures to comply with Court orders or to timely provide information necessary to move the case forward, or other efforts demonstrating dilatory motive, may result in her right to self-representation being terminated, with or without her consent. Additionally, continued espousal of sovereign citizen "gobbledygook,"[8] in conjunction with her failure to comply with Court orders, could result in Ms. Idowu's right to self-representation being terminated should those views interfere with these proceedings.[9] The Court further informs the parties that the Court will not

---

[5] *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

[6] *United States v. Nunez*, 877 F.2d 1475, 1478 (10th Cir. 1989) (quoting *United States v. Lawrence*, 605 F.2d 1321, 1325 (4th Cir. 1979)).

[7] *United States v. Padilla,* 819 F.2d 952, 959 (10th Cir. 1987).

[8] *Wells v. Loncon*, CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 29, 2019).

[9] *Barbuto*, 60 F. App'x at 756–57 (upholding the district court's termination of the defendant's self-representation and appointment of counsel on the morning of the trial when the defendant stated he did not give consent to his "all-capital-letter name being used for commercial gain," repeatedly stated that he was not the defendant, but was instead "the secured party in this matter," and would not give the Court a clear answer on whether he intended to represent himself

consider untimely filings, including motions, responses, or objections.[10] Should either party require time beyond what is allowed by the Federal or local rules of criminal procedure, or court order, that party should submit a request to the Court for additional time to complete the filing.[11] Ms. Idowu is directed that she may contact Ms. George, her standby counsel, to request a filing for additional time.

### III.   CONCLUSION

The parties are therefore directed that strict compliance with the Federal and local rules and all Court orders is expected in order to move this case forward as efficiently as possible.

DATED this 13th day of July, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

at trial that day); *United States v. Mosley*, 607 F.3d 555, 557 (8th Cir. 2010) (upholding the lower court's refusal to allow self-representation where the defendant stated he was "a secured party who is sovereign. . . . not a corporation" and otherwise refused to participate in the proceedings); *United States v. Underwood*, 726 F. App'x 945, 950 (4th Cir. 2018) (upholding the lower court's termination of self-representation based on the defendant's "continued advancement of his sovereign-citizen-based challenges to the court's jurisdiction, his disruptive outbursts and disrespectful behavior during court proceedings, his failure to comply with court orders, and his failure to conform his conduct with court rules and courtroom decorum, even in the face of repeated warnings by the district court").

[10] *See* DUCrimR 12-1(h) ("Failure to timely respond to a motion may result in the court granting the motion without further notice.").

[11] A motion for extension of time requires only "the concise statement of the relief requested and the grounds for the relief." DUCrimR 12-1(f).