IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NELLY IDOWU,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER REVOKING DEFENDANT'S SELF-REPRESENTATION<br><br><br>Case No. 2:20-CR-284 TS<br><br>District Judge Ted Stewart |

The Court issues this Order in response to self-represented Defendant Nelly Idowu's continued failure to comply with the Court's orders. For the reasons described herein, the Court finds that Ms. Idowu has forfeited her right to represent herself at trial and will reappoint Julie George as Ms. Idowu's counsel.

### I.　　　BACKGROUND

Ms. Idowu was indicted on August 26, 2020. On November 10, 2020, she made her initial appearance before the Court, was appointed counsel, and was granted release on her own recognizance pending disposition of her charges. The Court granted numerous trial continuances thereafter. On November 29, 2022, Ms. Idowu was ordered detained following a motion from the government to revoke her pretrial release status based on allegations that she committed a crime while on release. At that time, Ms. Idowu's trial was expected to begin on February 27, 2023. On December 27, 2022, Ms. Idowu's counsel at the time, Nathan Crane, filed a motion to appoint

counsel as second chair to assist in Ms. Idowu's defense. Mr. Crane filed numerous pretrial motions on Ms. Idowu's behalf on January 9, 2023.

In the meantime, while incarcerated, Ms. Idowu filed two pro se motions with the Court, which were lodged on December 20, 2022, due to Ms. Idowu being represented by counsel.[1] On January 10, 2023, Ms. Idowu filed a pro se document with the Court titled "Motion to Overrule Suppression of Pro Se Submissions and for Hearing on Pro Se Motions Presented," wherein she requested she be released on bond, asserted her case should be civil and not criminal, and complained of ineffective assistance from her appointed counsel, among other things. Mr. Crane subsequently filed a Motion to Withdraw as Counsel.

Magistrate Judge Pead appointed Julie George as new counsel on January 24, 2023. A continuance of the trial date was necessary to allow Ms. George time to prepare for trial. On February 3, 2023, the Court was informed that Ms. Idowu was refusing to speak to or meet with Ms. George. Ms. George, therefore, was not able stipulate to a continuance, having been unable to discuss such with Ms. Idowu. On February 15, 2023, Ms. Idowu and Ms. George appeared before Magistrate Judge Pead due to Ms. Idowu's refusal to speak with Ms. George. Magistrate Judge Pead advised Ms. Idowu of her right to represent herself and of possible complications with doing so. Ms. Idowu requested copies of all discovery and more time to decide if she would like to represent herself. She did not take a position on the continuance and a continuance was granted.

On March 8, 2023, Ms. George filed a Motion for Review of Detention on behalf of Ms. Idowu, suggesting Ms. Idowu had accepted Ms. George as her attorney. Ms. George also filed a

---

[1] Docket Nos. 107, 108.

Motion for Review of Detention by the District Judge on March 28, 2023. The Court issued an order on April 12, 2023, after conducting a hearing on the matter, ordering Ms. Idowu remain detained pending trial. The Court then set trial to begin on June 26, 2023. Ms. George subsequently filed several pretrial motions on Ms. Idowu's behalf.

  The Court held a final pretrial conference on June 12, 2023, at which the Court was informed that the government was prepared to proceed with trial as scheduled, however Ms. Idowu had determined she would like to represent herself. The Court used the time set for the final pretrial conference to conduct a *Faretta* inquiry. Ms. Idowu clearly represented to the Court that she understood she must comply with all relevant rules of procedure and evidence and that she wished to represent herself. The Court granted Ms. Idowu's request and appointed Ms. George as standby counsel. The Court then asked Ms. Idowu when she believed she would be prepared to go to trial. Ms. Idowu told the Court she would not be prepared by June 26, 2023, because she needed to read the Rules of Evidence and the Rules of Criminal Procedures but did not provide a date by which she would be prepared. The Court scheduled a status conference to be held on June 26, 2023, to allow Ms. Idowu time to determine the date by which she expected she would be prepared to go to trial. On June 14, 2023, the Court issued an order instructing Ms. Idowu that the Court expected a timely response to the government's pending motions in limine on or before June 26, 2023.

  At the status conference, held on June 26, 2023, Ms. Idowu told the Court she could not yet respond to the government's motions in limine because she did not have the necessary resources. Ms. Idowu then proceeded to ask a series of questions indicative of the sovereign citizen movement, which were irrelevant to the issues in her case. The Court informed Ms. Idowu that it would not respond to such questions at the hearing, but that she could submit her

questions to the Court in writing on the Docket to allow the government a chance to respond. The Court then asked Ms. Idowu when she would be prepared to move forward with trial and provided available trial dates in July. The Court also informed Ms. Idowu that she had the option to proceed by either bench or jury trial, outlined possible benefits of each, and gave Ms. Idowu time to discuss her options with her standby counsel before she made a decision. Ms. Idowu informed the Court she would need the requested "clarifications" from the Court before she could inform the Court when she would be prepared for trial and whether she wished to proceed by jury or bench trial.

     Ms. George informed the Court that the jail facility housing Ms. Idowu had told Ms. George that Ms. Idowu had full access to the facility's library, that Ms. Idowu had copies of the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, and that Ms. George would print and deliver to Ms. Idowu any research resources she requested. The Court instructed Ms. Idowu to file her responses to the government's motions and to file her requests for clarifications in writing to the Court by July 5, 2023. The Court further instructed Ms. Idowu to inform the Court whether she would like to proceed by jury or bench trial on for before July 12, 2023. Ms. Idowu did not indicate she would not be able to meet these deadlines. The Court further set the trial for July 31, 2023.

     Ms. Idowu did not comply with the Court's ordered deadlines. Ms. George informed the Court via email that she drove to the jail facility where Ms. Idowu is incarcerated on July 5, 2023, to collect the filings due from Ms. Idowu, but was told by the jail's staff that Ms. Idowu informed them she had nothing for Ms. George at that time. Ms. George informed the Court via phone call on July 10, 2023, that she had not yet received any communications from Ms. Idowu asking Ms. George to request more time to complete the Court ordered filings or to inform Ms.

George that she had documents ready to be filed. Ms. George indicated that Ms. Idowu had contacted her office numerous times in the past. Therefore, the Court had no reason to believe Ms. Idowu was unable to reach Ms. George to request the assistance she has been told is available. Ms. George further informed the Court via email dated July 13, 2023, that she had confirmed with a sergeant at the jail that Ms. Idowu had access to the following research materials: the facility's law library; a tablet with Internet access 10 to 12 hours a day (the tablet is taken away at night to be charged); all-day access to the facility's research kiosk; and free calls to Ms. George's office Monday through Friday from 9:00 a.m. to 5:00 p.m. Ms. George further informed the Court that she had provided Ms. George with printed copies of the cases Ms. Idowu had requested, along with others Ms. George thought could be helpful, to respond to the government's motions in limine. She again confirmed that she had provided Ms. Idowu copies of the relevant motions, Court orders, and copies of the Federal Rules of Procedure and Evidence.

On July 13, 2023, after failing to receive any filings from Ms. Idowu, the Court issued a Memorandum Decision and Order Directing Timely Filings and Compliance with Court Orders. In that Order, the Court explained the limited right to self-representation and "cautioned" Ms. Idowu that "ongoing failures to comply with Court orders or to timely provide information necessary to move the case forward, or other efforts demonstrating dilatory motive, may result in her right to self-representation being terminated, with or without her consent."[2] The Court further informed the parties that untimely filings would not be considered and informed Ms. Idowu that, should she require time to submit a filing beyond what is allowed by the relevant

---

[2] Docket No. 198, at 5.

rules or by Court order, she could contact Ms. George to request submission of a request for additional time.

On July 18, 2023, the Court held a hearing that was scheduled as a final pretrial conference. The Court stated it was clear the trial could not move forward on July 31, as scheduled. The Court further inquired as to why Ms. Idowu did not submit any of the three filings ordered by the Court. Ms. Idowu asserted that she did not have access to the necessary resources. However, when asked, she stated she did have access to the kiosk and the tablet, but found them insufficient. To further excuse her failures to comply, she stated that she was starving due to the jail not providing her food that is acceptable for her dietary restrictions and that such starvation deprived her of the energy to do the work necessary to complete the filings. The Court allowed Ms. Idowu another extension—that she provide responses to the government's motions in limine, submit her request for "clarifications" from the Court, and a written determination regarding whether she wished to proceed by bench or jury trial by July 31, 2023. The Court encouraged Ms. Idowu to contact standby counsel for any assistance she required to complete the ordered filings.

At the July 18 hearing, the government noted the difficulties it faced with scheduling witnesses for the trial, some of which are hesitant to be involved, and further noted the significant additional burden presented to the government caused by continued trial delays.

As of the date of this Order, Ms. Idowu has failed to provide the Court with any of the ordered filings. The Court has further confirmed with Ms. George that Ms. Idowu has not contacted her office to request that Ms. George request an extension with the Court, and that Ms. Idowu had nothing for Ms. George to pick up when Ms. George arrived at the jail on August 2, 2023.

On July 31, 2023, the government filed a Motion for Speedy Trial, outlining the trial delays caused by Ms. Idowu as well as the challenges these delays have caused the government in its trial preparation. Specifically, the government noted that it anticipates calling 11 witnesses for the trial, six of which will be travelling to Utah from around the country. Therefore, coordinating witness availability has proved difficult, and made more difficult by ongoing continuation of the trial dates. Further, the government represents that some of the victim-witnesses are hesitant to participate due to embarrassment and/or a desire not to relive the trauma caused by the crimes in which Ms. Idowu is alleged to have participated. The government proffers that the continued moving of the trial dates has resulted in additional reluctance of certain necessary witnesses to willingly appear at trial. The government is, therefore, concerned that continued trial delay will adversely affect their ability to present their full case against Ms. Idowu.

## II.  DISCUSSION

"A criminal defendant has a constitutional and a statutory right to waive [their] right to counsel and represent [themselves] at trial. The right of self-representation, however, is not absolute."[3]

> To properly invoke the right to self-representation, a defendant must satisfy four requirements. First, the defendant must clearly and unequivocally inform the district court of his intention to represent himself. Second, the request must be timely and not for the purpose of delay. Third, the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is knowingly and intelligently made. Finally, the defendant must be able and willing to abide by rules of procedure and courtroom protocol.[4]

---

[3] *United States v. Akers*, 215 F.3d 1089, 1096–97 (10th Cir. 2000) (citations omitted).

[4] *United States v. Tucker,* 451 F.3d 1176, 1180 (10th Cir. 2006) (internal quotation marks and citations omitted).

In certain instances, a court may terminate the right to self-representation.[5] "[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."[6] "A court should, of course, vigilantly protect a defendant's constitutional rights, but it was never intended that any of these rights be used as a ploy to frustrate the orderly procedures of a court in the administration of justice."[7] Therefore, while the Court may be required to "tolerate 'numerous nonsensical pleadings,' [or] even 'occasionally wacky' behavior,"[8] the Court "may properly impose restraints on the right to reject counsel to prevent the right from being manipulated so as to obstruct the orderly procedure of the courts."[9]

Consistent with the above-described limitations on a Sixth Amendment right to self-representation, the Court now finds it necessary to revoke Ms. Idowu's pro se status and re-appoint Julie George as Ms. Idowu's defense counsel due to Ms. Idowu's failure to comply with the Court's orders, failure to comply with the Federal Rules of Criminal Procedure, and her failure to otherwise participate or cooperate in pre-trial proceedings.

As detailed above, the Court has: ordered Ms. Idowu to respond to the government's motions in limine on three separate occasions, setting three different deadlines by which to do so;

---

[5] *United States v. Barbuto*, 60 F. App'x 754, 758 (10th Cir. 2003) (internal quotation marks and citations omitted).

[6] *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

[7] *United States v. Nunez*, 877 F.2d 1475, 1478 (10th Cir. 1989) (quoting *United States v. Lawrence*, 605 F.2d 1321, 1325 (4th Cir. 1979)).

[8] *United States v. Smith*, 830 F.3d 803, 810 (8th Cir. 2016) (quoting *United States v. Johnson*, 610 F.3d 1138, 1144 (9th Cir. 2010)); *see also id.* ("Repeated, frivolous challenges to the court's jurisdiction, to the government's authority to prosecute, or to the validity of the federal laws defendant is charged with violating, are not disruptive or defiant in this sense—unless they threaten to forestall pretrial or trial proceedings.").

[9] *United States v. Padilla,* 819 F.2d 952, 959 (10th Cir. 1987).

ordered that Ms. Idowu submit her request for "clarifications" to the Court, which she states is necessary for her to move forward, on two separate occasions, setting two different deadlines by which to do so; and ordered that Ms. Idowu inform the Court whether she wishes to proceed by jury or bench trial on two separate occasions, setting two different deadlines by which to do so. In each instance where the order was given orally to Ms. Idowu, she did not state a concern with or objection to compliance. Also in each instance, the deadlines have come and gone without any acknowledgment from Ms. Idowu, written or otherwise, until she is brought before the Court.

Also as detailed above, Ms. Idowu has stated that she cannot tell the Court when she will be prepared to go to trial or tell the Court whether she wishes to proceed by jury or bench trial or otherwise move forward with trial preparations until she is able to obtain certain "clarifications" from the Court. The Court has directed Ms. Idowu to submit the requested clarifications to the Court in writing, so that the government may have an opportunity to respond if it wishes. The Court first ordered Ms. Idowu to submit her clarifications by July 5, 2023. After the first deadline was missed, the Court ordered the clarifications to be submitted by July 31, 2023. At the June 26 hearing, Ms. Idowu attempted to read to the Court the "clarifications" she sought, meaning she had already prepared the questions to be submitted to the Court. The Court therefore sees no reason why these could not have been submitted to the Court at some point in the last month.

When brought before the Court, Ms. Idowu has stated that she does not have access to the necessary resources at the jail as an excuse for her failure to comply with the Court's orders. First, the Court knows this to be untrue. As explained above, Ms. Idowu has access to legal resources at the jail, which she has acknowledged in Court. She further has the ability to contact Ms. George, free of charge, for legal assistance and filing assistance during business hours. Ms.

9

George has already provided Ms. Idowu with copies of the relevant case law and other legal resources and has driven to the jail on multiple occasions to see if Ms. Idowu has documents for Ms. George to file the Court. Second, Ms. Idowu does not need legal resources to provide the Court with the questions she has already prepared. She has further already been provided copies of the relevant case law and the Rules of Evidence to respond to the government's motions in limine. She has also been provided time to discuss with Ms. George the benefits and drawbacks of a bench trial versus a jury trial. In consideration of the above, the Court finds that Ms. Idowu's failures to comply with the Court's orders demonstrate an unwillingness "to abide by rules of procedure and courtroom protocol" and have been for the purpose of "obstruct[ing] the orderly procedure of the courts."

At the July 18 hearing, Ms. Idowu asserted for the first time that she has been unable to comply with the Court's orders because she has not been provided sufficient food due to her dietary restrictions and is starving. To the extent Ms. Idowu's failure to comply is due to her alleged starvation, the Court finds such to support the need for appointment of counsel to represent her. This Court has little control over what is fed to inmates at a county jail facility and cannot guarantee Ms. Idowu the diet of her choosing. Ms. Idowu has stated the diet she is currently provided at the jail prevents her from having sufficient energy to prepare for trial. Even with an order from the Court, the Court is unsure if these circumstances will change. If she is unable to prepare for trial or otherwise represent herself due to dietary restraints, appointment of counsel is necessary.

Based on the above-described facts and analysis, the Court finds it necessary to revoke Ms. Idowu's Sixth Amendment right to self-representation. The Court finds that Ms. Idowu's

refusal to comply with the Court's orders,[10] provide answers to the Court's questions,[11] and otherwise general lack of cooperation or participation in her representation[12] demonstrate that Ms. Idowu is engaging in dilatory tactics with the intention of obstructing the orderly procedures of the Court and will continue to do so leading up to and at trial.[13] The Court has warned Ms. Idowu that continued failures to comply with the Court's orders may result in waiver of her right to self-representation. This warning has gone unheeded. The Court cannot tolerate additional, unnecessary delays in resolving the pending criminal charges against Ms. Idowu upon consideration of the interests of justice and the public's interests in a speedy trial.[14]

---

[10] *See United States v. Engel*, 968 F.3d 1046, 1051 (9th Cir. 2020) (finding that while a single instance of disobedience to the court was insufficient to revoke the defendant's right to represent himself, repeated violations of court orders might be sufficiently disruptive to revoke his pro se status, particularly with prior warning).

[11] *See Barbuto*, 60 F. App'x at 758 (upholding the district court's revocation of right to self-representation where the defendant refused to provide a clear answer to the court when asked if he intended to represent himself that day at trial, making it impossible for the court to move forward).

[12] *See United States v. Mosley*, 607 F.3d 555, 557–59 (8th Cir. 2010) (upholding district court's revocation of right to self-representation where the defendant stated he was "a secured party who is sovereign. . . . not a corporation" and otherwise refused to participate in the proceedings).

[13] *See United States v. Brock*, 159 F.3d 1077, 1081 (7th Cir. 1998) ("[The defendant's] steadfast refusal to answer the court's questions made it extremely difficult for the court to resolve threshold issues, such as whether the defendant would be represented by counsel. [The defendant] did not simply refuse to prepare for trial, he refused to cooperate, even minimally, with the court. Furthermore, [the defendant's] obstructionist conduct persisted even after several contempt citations. It was, therefore, reasonable for the trial court to conclude that [the defendant's] behavior strongly indicated that he would continue to be disruptive at trial.").

[14] *See United States v. Thompson*, 524 F.3d 1126, 1131 (10th Cir. 2008) ("The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings.").

III.     CONCLUSION

It is therefore

ORDERED that Defendant Nelly Idowu's self-representation status is terminated and that standby counsel Julie George be reappointed as Ms. Idowu's counsel. It is further

ORDERED that Defendant will have 14 days from the date of this Order to respond to the government's pending motions in limine.

DATED this 3rd day of August, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge