IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>NELLY IDOWU,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART GOVERNMENT'S MOTION IN LIMINE RE: PUBLIC RECORDS<br><br>Case No. 2:20-CR-284 TS<br><br>District Judge Ted Stewart |

      This matter is before the Court on the government's Motion in Limine to Admit under Rules 201, 403, 902(1) and 902(5) Certain Public Records.[1] For the reasons stated below, the Court will grant the Motion in part.

      The government seeks the admission of certain public records showing that Defendant's brother, Emeka Wilson-Metus, was imprisoned after pleading guilty to fraud-related charges for using fraudulent passports to open bank accounts. The exhibits for which the government seeks admission include: a Certificate of Organization for Defendant's business, Roxy Multiservices LLC, from the Utah Department of Commerce (Exhibit 1); the Criminal Complaint filed against Defendant's brother (Exhibit 24); the Information charging Defendant's brother with Conspiracy to Commit Wire Fraud (Exhibit 25); the Superseding Information charging Defendant's brother with eight counts of False Use of a Passport (Exhibit 26); the Plea Agreement wherein Defendant's brother admits to two counts of False Use of a Passport (Exhibit 27); Defendant's

---

[1] Docket No. 182.

1

brother's criminal case docket (Exhibit 28); and an inmate search form showing Defendant's brother's release date (Exhibit 29).

The government contends these public records are self-authenticating pursuant to Fed. R. Evid. 903(5) and that the records are relevant because they "help establish Defendant Idowu's criminal intent with conducting transactions on her brother's behalf."[2] More specifically, the government represents that Defendant has admitted to conducting the transactions at issue, but claims she was doing so with the "legitimate belief she was acting as a personal shopper at her brother's direction for clients she never knew or met."[3] The government asserts that Defendant's brother was incarcerated at the time Defendant claims to have been providing personal shopping services for him. The attached exhibits show that Defendant's brother "was accused of using false passports to open bank accounts and launder criminal proceeds" and "pleaded guilty to multiple counts of fraud."[4] The government argues that Defendant must have been aware of his incarceration and the charges he faced, and that this information, along with her failure to disclose this information during her FBI interview, is "highly probative of her consciousness of guilt and criminal intent."[5] Defendant does not dispute that the exhibits are self-authenticating, but argues they are "far more prejudicial than probative"[6] and therefore seeks the exclusion of "all but the conviction" of Defendant's brother.[7]

---

[2] *Id.* at 2.
[3] *Id.* at 1 (citations omitted).
[4] *Id.* at 3.
[5] *Id.*
[6] Docket No. 216, at 2.
[7] *Id.* at 3.

"Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence . . . and . . . the fact is of consequence in determining the action."[8] While relevant evidence is generally admissible,[9] it may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ."[10] The Court finds that the attached exhibits are, to at least some extent, probative of Defendant's culpability and therefore relevant. However, the Court agrees with Defendant that the number of exhibits and the extent to which the exhibits detail Defendant's brother's alleged activities are likely to cause unfair prejudice against Defendant and confuse the issues for the jury.

The government has not provided specific arguments for admission of each of the proposed exhibits. Instead, they have asserted generally that the exhibits are relevant to show Defendant's culpability. The Court will allow admission of Exhibits, 1, 27, and 29. Exhibit 1 is not in dispute. Exhibit 27, the plea agreement, details the charges to which Defendant's brother pleaded guilty and show he was remanded to the custody of the BOP. Exhibit 29 shows the Defendant's release date from the BOP. Further, while the Court will not admit the entire docket, the government may present the Order of Detention. These records are sufficient to show that Defendant's brother was incarcerated for fraud-related charges and provide the dates of his incarceration. The Court will exclude admission of the other attached exhibits but will consider

---

[8] Fed. R. Evid. 401.
[9] *Id.* 402.
[10] *Id.* 403.

argument as to an exhibit's specific relevance at trial if it serves a specific purpose beyond showing Defendant's brother was incarcerated at the relevant time for fraud-related charges.

It is therefore

ORDERED that Defendant's Motion in Limine to Admit under Rules 201, 403, 902(1) and 902(5) Certain Public Records (Docket No. 182) is GRANTED in part and DENIED in part.

DATED this 26th day of September, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge