IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>NELLY IDOWU,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENANT'S PRO SE MOTION TO DISMSS<br><br>Case No. 2:20-CR-284 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a document titled "Notice of Fraud"[1] filed by Defendant on August 18, 2023. This document includes, in part, a statement demanding dismissal of all the underlying charges and has accordingly been docketed as a Motion to Dismiss. The document also includes a number of statements, asserted in the form of questions, echoing sentiments of the "sovereign citizen" ideology. As discussed below, the Court denies Defendant's Motion to Dismiss and declines to respond to the Defendant's asserted "questions."

The Court first notes that it need not consider any motion from a defendant filed while that defendant is represented by counsel.[2] At the time Plaintiff filed the instant Motion, the Court

---

[1] Docket No. 219.

[2] DUCivR 83-1.3(d) ("Whenever a party has appeared by an attorney, that party cannot appear or act thereafter in its own behalf in the action or take any steps therein . . . .") ( made applicable to the Local Rules of Criminal Practice by DUCrimR 57-12); *see also Cheadle v. Dinwiddie*, 278 F. App'x 820, 824 (10th Cir. 2008) (finding trial judge's refusal to read defendant's *pro se* motions while defendant was represented by counsel did not require reversal); *United States v. Sandoval-De Lao*, 283 F. App'x 621, 625 (10th Cir. 2008) (finding no "colorable basis for challenging the district court's decision not to consider [the defendant's] pro se motion" where, at the time the motion was filed, "he was represented by counsel"); *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995) (finding there "is no constitutional right to a hybrid form of representation").

1

had already revoked her right to self-representation and reappointed counsel to serve as her legal representation.[3] As such, the Court need not issue a ruling on Defendant's Motion. However, for the sake of clarity and completeness, the Court will formally deny the Motion on the grounds that the basis for dismissal asserted by Defendant is wholly unsupported by any relevant legal authority. The Court's subject matter jurisdiction over this case is found in 18 U.S.C. § 3231, which states that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."[4]

Next, to the extent the questions contained in the Motion represent the "clarifications" Defendant sought previously from the Court,[5] the Court declines to respond to such. The Court has made clear its unwillingness to tolerate "continued espousal of sovereign citizen 'gobbledygook.'"[6] Further, responding to the questions contained in the Motion, would not provide Defendant with any information that is relevant to her defense.

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 219) is DENIED.

---

[3] *See* Docket No. 206.

[4] *See also Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.").

[5] *See* Docket No. 198, at 3 ("On June 26, 2023 . . . Ms. Idowu informed the Court she would need certain clarifications from the Court before she could inform the Court when she would be prepared for trial and whether she wished to proceed by jury or bench trial."); Docket No. 206, at 9 (explaining that Ms. Idowu twice failed to submit her written request for clarifications by the deadlines set by the Court).

[6] Docket No. 198, at 5 (citation omitted).

DATED this 26th day of September, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge