IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>NELLY IDOWU,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE RE: MISSION AND BASIS FOR ASYLUM<br><br>Case No. 2:20-CR-284 TS<br><br>District Judge Ted Stewart |

       This matter is before the Court on the government's Motion in Limine to Exclude Evidence of Defendant's Mission or Basis for Asylum under Rules 401, 402, and 403.[1] For the reasons discussed herein, the Court will grant the Motion.

       Defendant was born in Nigeria in 1983. Defendant came to the United States in 2005 to serve an ecclesiastical mission and returned to Nigeria in 2006. Nearly a decade later, in 2015, Defendant immigrated to the United States and was granted asylum thereafter. She has been a permanent resident since 2018.

       The government seeks to prohibit Defendant from offering testimony regarding her "mission for the Church of Jesus Christ of Latter-day Saints or the basis for her asylum application."[2] In opposition, Defendant argues that her "testimony about her religion, mission work and travel to Utah sponsored by her Church is critical to preventing unfair bias in the jury's

---

[1] Docket No. 183.

[2] *Id.*

mind."[3] Specifically, Defendant is concerned that without such evidence, the jury will speculate that she came to the United States illegally and "with the purpose to victimize and defraud its citizens."[4]

First, regarding Defendant's concern about the jury's perception of her immigration status, the government's Motion does not seek to prohibit Defendant from testifying that she came to the United States legally, was granted asylum, and obtained permanent residency. Further, discussion of Defendant's ecclesiastical mission seems wholly unnecessary to establish that Defendant legally immigrated to the United States given that the mission was completed nearly a decade before Defendant returned to seek asylum. The Court may revisit the issue if there is some suggestion that Defendant is in the United States illegally.

Second, as to whether Defendant's 2005 ecclesiastical mission and the basis on which she sought and obtained asylum is relevant to the financial crimes at issue, the Court finds it is not. "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence . . . and . . . the fact is of consequence in determining the action."[5] While relevant evidence is generally admissible,[6] it may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ."[7] As stated, Plaintiff is charged with money laundering crimes. Defendant's mission service and the basis on which she obtained asylum does not tend make any

---

[3] Docket No. 216, at 3.

[4] *Id.*

[5] Fed. R. Evid. 401.

[6] *Id.* 402.

[7] *Id.* 403.

of the elements required to support a conviction for money laundering and the like more or less true. The same is true for any conceivable defense. Further, to the extent such evidence may be relevant, the Court finds that any limited probative value would be outweighed by the danger of unfair prejudice and confusion of the issues.

Finally, the Court notes that evidence of Defendant's mission service may not serve as character evidence. Under Federal Rule of Evidence 610, "[e]vidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility." "By the same token, credibility arguments based on religious affiliations or practices are not favored."[8]

The Court will, therefore, grant the government's Motion and prohibit admission of evidence regarding Plaintiff's 2005 ecclesiastical mission and the basis on which she obtained asylum.

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 183) is GRANTED.

DATED this 26th day of September, 2023.

BY THE COURT:

Ted Stewart
United States District Judge

---

[8] *United States v. Acosta*, 924 F.3d 288, 306 (6th Cir. 2019) (citing *United States v. Rogers*, 556 F.3d 1130, 1141 (10th Cir. 2009)).